## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**JEREMY JACOB KLINE,**

    **Plaintiff,**

**v.**                                                                                      **No. 15-cv-1096 MCA/SMV**

**STATE OF NEW MEXICO and**
**DEPARTMENT OF CORRECTIONS,**

    **Defendants.**

## ORDER DENYING PLAINTIFF'S MOTION FOR ADDITIONAL TIME IN THE LAW LIBRARY

THIS MATTER is before the Court on Plaintiff's Motion for Additional Time in Metropolitan Detention Center Law Library [Doc. 4], filed on December 21, 2015. Plaintiff is incarcerated and proceeds pro se in this civil rights action. He reports that jail policy allows him "10 hours in law library per incarceration[,]" which he believes is inadequate for his "two pending cases." *Id.* He asks the Court to order the jail to allow him to visit the law library "as needed to work on pending cases." *Id.*

However, there is no freestanding right to visit the law library. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, an inmate's constitutional right of *access to the courts* may potentially be implicated by his access—or lack thereof—to a law library, but the inmate must show an actual injury. *See id.* at 351–54. That is, to state a claim for denial of access to the courts, the inmate must show that he was "frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement." *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010).

Here, Plaintiff merely states that he "needs more time for additional research." [Doc. 4] at 1. He does not allege an actual injury resulting from his limited access to the law library. *See* [Doc. 4]. Furthermore, the Court would be quite reluctant to insert itself in the day-to-day operations of the facility by ordering jail administrators to allow Plaintiff essentially unfettered access to the law library.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Additional Time in Metropolitan Detention Center Law Library [Doc. 4] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**