IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY JACOB KLINE,

    Plaintiff,

  v.                                                        No. CIV 15-01096-MCA-SMV

STATE OF NEW MEXICO and
DEPARTMENT OF CORRECTIONS,

    Defendants.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Jeremy Jacob Kline's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed on December 3, 2015. [Doc. 1] Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that on or about January 12, 2010, Plaintiff was informed that he "was no longer on probation and free to go." [Doc. 1 at 3] Approximately one month later, however, he was contacted by a probation officer who advised him that "there was a mistake in paperwork and in fact" he was "still on probation and owed another 12-18 months." [*Id.*] Two days later, Plaintiff reported to the probation office, a search of his vehicle was conducted, and illegal contraband was found. As a result, Plaintiff's probation was revoked and he was indicted on new contraband charges. [*Id.*] On or about June 11, 2012, the new contraband charges were dismissed after Plaintiff filed a successful motion to suppress the contraband as the product of an illegal search and seizure. [*Id.*] Plaintiff alleges that, based on the foregoing, Defendants State of New Mexico and the New Mexico Department of Corrections violated his rights under the Due Process Clause, the Double Jeopardy Clause and the Fourth Amendment of the United States Constitution. Plaintiff's complaint seeks monetary damages. [Doc. 1 at 7]

No relief is available on Plaintiff's claims against the State of New Mexico and the New Mexico Department of Corrections. "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees of State Colleges of Colorado*, 215 F.3d 1168, 1172 (10th Cir. 2000). It

is well established that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Furthermore, "a governmental entity that is an arm of the state for Eleventh Amendment purposes," such as the New Mexico Department of Corrections, "is not a 'person' for section 1983 purposes." *McLaughlin*, 215 F.3d at 1172; *see also Blackburn v. Dep't of Corr.*, 172 F.3d 62 (10th Cir. 1999) (holding that the "New Mexico Department of Corrections is not a 'person' subject to suit under § 1983") (unpublished table decision). "In these circumstances, the barrier is not Eleventh Amendment immunity—'[t]he stopper [is] that § 1983 creates no remedy against a State." *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (unpublished) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997)). Therefore, Plaintiff's claims against the State of New Mexico and the New Mexico Department of Corrections will be dismissed for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii).

      The Court concludes that it would be futile to permit Plaintiff to file an amended complaint, because the claims raised in his complaint are barred by the statute of limitations. *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (holding that the district properly dismissed with prejudice the plaintiff's § 1983 claims that were barred by the statute of limitations because "amending those claims would be futile"). "[T]he pertinent limitations period for section 1983 claims in New Mexico is that found in N.M. Stat. Ann. § 37-1-8 (1978), which provides that actions for an injury to the person must be brought within three years." *Jackson v. City of Bloomfield*, 731 F.2d 652, 653 (10th Cir. 1984). "Section 1983 claims accrue, for the purpose of the statute of limitations,

when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson Cty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991). "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure are presumed to have accrued when the actions actually occur." *Id.* In the present case, Plaintiff's § 1983 claims accrued in 2010, when his probation was revoked and he was indicted on new contraband charges. Because Plaintiff's § 1983 claims accrued approximately five years before his civil rights complaint was filed, they are barred by the three-year statute of limitations and amendment of the complaint would be futile.

    IT IS THEREFORE ORDERED that Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [Doc. 1] is DISMISSED with prejudice and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE